The document below is hereby signed.

Signed: May 25, 2018



_S. Martin Teel Jr._

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| KAREN SUSAN RICHARDSON, | ) | Case No. 17-00598 |
| | ) | (Chapter 13) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| KAREN SUSAN RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 18-10004 |
| NATIONSTAR MORTGAGE D/B/A | ) | |
| MR. COOPER, | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |
| Defendant. | ) | |

MEMORANDUM DECISION AND ORDER RE
DISMISSAL OF OR ABSTENTION REGARDING CERTAIN CLAIMS

The debtor, Karen Susan Richardson, brought this adversary

proceeding against her mortgagee, Nationstar Mortgage, LLC.

Nationstar has moved to dismiss this adversary proceeding based

upon the collateral estoppel effect of an order issued by the

Superior Court of the District Of Columbia and for failure to

state a claim upon which relief can be granted.[1]  Richardson's

complaint contains four counts:

- I will dismiss one count, Count IV, based on collateral estoppel.

- I will deny dismissal of part of Count II, the part asserting a claim that has not been adjudicated in the Superior Court, and which asserts that Ocwen failed timely to credit Richardson's payments, resulting in the assessment of unauthorized late fees, and demanding an accounting.  To that extent, I will treat Count II as an objection to Nationstar's claim.

- However, abstention appears to be appropriate as to the claims asserted by the remaining allegations of the complaint (the balance of the allegations contained in Count II, and the allegations of Counts I and III).  If abstention is not appropriate, dismissal is warranted as to such claims for failure to state claims upon which relief can be granted.[2]

I

Nationstar holds a *Note* executed by Richardson and assigned

---

[1]  I reject Nationstar's additional argument that dismissal is warranted based on failure to join a necessary party.

[2]  If I abstain from hearing such claims, it would not be appropriate to dismiss the claims for failure to state claims upon which relief can be granted.

to Nationstar by Ocwen Loan Servicing, LLC ("Ocwen"), the payment

of which is secured by a *Deed of Trust* against Richardson's real

property.[3]  On September 21, 2015, Nationstar sued Richardson in

a civil action in the Superior Court of the District of Columbia,

seeking a judgment for judicial foreclosure.

Richardson filed counterclaims against Nationstar, and

asserted a third-party complaint against Ocwen.  She alleged

violations of various statutes (the Truth in Lending Act

("TILA"); the D.C. Consumer Protection Procedures Act ("CPPA");

D.C. Code § 42-2431 (part of the D.C. Home Equity Protection

Act); and 12 U.S.C. § 2605(d)), and alleging that the *Deed of*

*Trust* and *Note* are void.  On March 7, 2017, the Superior Court

dismissed the counterclaims.  Richardson appealed from the

dismissal order to the District of Columbia Court of Appeals,

which, in Case No. 17-CV-1078, dismissed the appeal on November

17, 2017, as having been taken from a non-final and non-

appealable order.

In the Superior Court in the meantime, Nationstar moved for

summary judgment regarding its right to judicial foreclosure, and

Richardson moved for leave to assert an amended third-party

complaint against Ocwen.  By an order entered on September 13,

---

[3]  The terms of the *Note* were modified by a *Loan Modification Agreement* between Richardson and Ocwen.  In referring to obligations under the *Note*, I mean the obligations under the *Note* as modified by the *Loan Modification Agreement*.

2017, the Superior Court granted Nationstar's motion for summary

judgment regarding its right to judicial foreclosure; granted

Richardson leave to file the amended third-party complaint

against Ocwen, but dismissed all but one of the claims in

Richardson's amended third-party complaint.  On October 10, 2017,

Richardson filed a notice of appeal from the Superior Court's

order of September 13, 2017, and the appeal was docketed as Case

No. 17-CV-1165 in the District of Columbia Court of Appeals.

Nationstar's complaint in the Superior Court requested that

the Superior Court "enumerate all amounts due to Plaintiff

pursuant to said Note and Deed of Trust," the Superior Court did

enter an order in regard to that request.  The Superior Court was

able to decree that judicial foreclosure was appropriate without

resolving an accounting issue Richardson raised as a defense,

namely, an allegation that certain payments on the *Note* were

credited by Ocwen in an untimely manner between 2009 and 2013,

resulting in unjustified late payment charges.  She pointed to a

specific payment that she made on December 22, 2009, which was

not credited until March 25, 2010.  However, Richardson did not

dispute that she had been in default since July 1, 2012, in

making payments on the *Note*, a span of many months.  Moreover,

Richardson failed to show that untimely crediting of her payments

led to her eventual default on July 1, 2012, or that the

unjustified late payment charges created a genuine issue of

4

material fact concerning whether Richardson was in default on the
*Note*.  Accordingly, because Richardson was in default, the
Superior Court ordered that a foreclosure sale proceed.

In Richardson's pending appeal in the District of Columbia
Court of Appeals, Case No. 17-CV-1165, from the Superior Court's
order of September 13, 2017, the Court of Appeals directed
Richardson to show cause why the appeal ought not be dismissed as
having been taken from a non-final and non-appealable order.  On
January 9, 2018, the Court of Appeals entered an order
discharging the order to show cause "to the extent the judgment
authorizing the foreclosure sale changes or affects possession of
property."  (Citations omitted.)[4]  Based on the authorities cited
by the Court of Appeals, the Superior Court's order of September
13, 2017, is a final appealable order with respect to authorizing
a foreclosure sale.  As a final order, the Superior Court's order
of September 13, 2017, is entitled to collateral estoppel effect
as to issues necessarily decided in decreeing that a foreclosure
sale proceed.

The Court of Appeals order discharging the order to show
cause in Case No. 17-CV-1165 did not treat the appeal as properly
pending with respect to the dismissal of Richardson's

---

[4]   However, because Richardson had filed her bankruptcy
case, the Court of Appeals concluded that the automatic stay of
11 U.S.C. § 362(a) stayed Richardson's appeal of the order
authorizing a foreclosure sale.

counterclaims in the Superior Court, a dismissal that in its

previous order of November 17, 2017, in Case No. 17-CV-1078 it

had treated as a non-final non-appealable order.  The part of the

Superior Court's order of September 13, 2017, that dismissed

Richardson's counterclaims against Nationstar remains a non-final

non-appealable order.[5]

However, as discussed at the hearing on Nationstar's motion

to dismiss this adversary proceeding, it will likely be

appropriate to lift the automatic stay to permit the Superior

Court to enter a final appealable order dismissing the

counterclaims.  Nationstar has filed in the main bankruptcy case

a motion for relief from the automatic stay alleging that "it is

judicially economical to lift the stay to allow the [Superior

Court] case to proceed to its final conclusion," and I view the

motion for relief from the automatic stay as seeking such a

lifting of the stay although it principally seeks an order

permitting Nationstar to conduct a foreclosure sale.

II

Richardson's complaint here consists of four counts.  Each

will be addressed in turn.

A.  Count I

Count I is a claim that Nationstar as an assignee of Ocwen

---

[5]   For example, there is still a third-party claim pending
against Ocwen, and there has not yet been an adjudication of the
amounts owed to Nationstar.

violated a *Consent Judgment* entered against Ocwen by the United

States District Court for the District of Columbia on December

19, 2013.  The gist of this count is that Ocwen charged fees that

it ought not have charged.  For reasons already discussed, if

Ocwen did charge fees that it ought not have charged, that would

potentially affect the amount that is owed to Nationstar.

However, Richardson alleges that the *Note* was assigned to

Nationstar prior to the entry of the *Consent Judgment*.  There

could not have been a violation of the *Consent Judgment* based on

acts preceding the entry of the *Consent Judgment*.  Moreover,

Nationstar was not a party to the *Consent Judgment*.  Abstention

appears to be warranted as to this Count I for reasons discussed

in Part E, below, but if abstention is inappropriate, I conclude

that Count I fails to state a claim upon which relief can be

granted.

## B.   Count II

Count II is a claim under the Mortgage Lender Broker Act.

It alleges that Ocwen failed timely to credit Richardson's

payments, repeatedly assessed improper fees, failed to provide

Richardson with information on her indebtedness, and that

Richardson attempted to make a payment that Ocwen improperly

rejected as insufficient to cure her default.  Based on those

allegations, Count II demands an accounting.  For the following

reasons, I will treat part of Count II as an objection to

Nationstar's claim, seeking a credit for any unjustified late

payment charges made by Ocwen (or charges flowing from the

improper rejection of a payment) and a recalculation of the

amount owed based on such credit as well as proper crediting of

her past payments.[6]

At a hearing of May 8, 2018, on Nationstar's motion to

dismiss the complaint in this adversary proceeding, Nationstar

conceded (1) that the Superior Court did not decide the amount of

credits for any unjustified late payment charges made by Ocwen;

(2) that, upon assignment to it of the *Note*, Nationstar was owed

only what was owed to Ocwen; and (3) that Richardson would be

entitled to a credit for any unjustified late payment charges

made by Ocwen and a recalculation of the amount owed based on

timely credits of Richardson's payments and the setting aside of

unjustified late charges.  Richardson is entitled to object to

Nationstar's proof of claim to the extent that she can show she

is entitled to such relief.  There is no need for Richardson to

pursue a separate objection to claim in the bankruptcy case:

Richardson's complaint can be treated as asserting such an

objection.

As discussed in Part E, below, abstention appears to be

_____

    [6]  The background facts pertinent to this accounting issue
are contained in the opening section of the complaint (entitled
"PARTIES").  Specific allegations pertinent to the accounting
issues are contained in paragraphs 41, 42, 43, 44, 53, 54, 55,
and 57 of the complaint.

warranted as to the balance of the claims in Count II (the part

not treated as an objection to claim) because those claims were

part of the counterclaims asserted in the Superior Court.  If

abstention is inappropriate, these remaining claims in Count II

will be dismissed for failure to state a claim upon which relief

can be granted (and specifically for failure to state a valid

claim against Nationstar under the Mortgage Lender Broker Act).

The complaint may state a violation of that Act by Ocwen for

engaging in "unfair or deceptive practice[s]," "fail[ing] to make

disclosures as required by . . . any applicable federal or

District law," and "fail[ing] to truthfully account for monies

belonging to a party to a residential mortgage loan

transaction[.]"  D.C.Code §§ 26-1114(d)(1), (2), (7), (14)

(2001).  *See Logan v. LaSalle Bank Nat'l Ass'n*, 80 A.3d 1014,

(D.C. 2013).  However, Richardson's complaint does not allege any

wrongdoing by Nationstar under the Act.

## C.  Count III

Abstention appears to be warranted as to Count III, as

discussed in Part E, below.  If abstention is not warranted,

Count III will be dismissed for failure to state a claim upon

which relief can be granted.  Count III asserts violations of

TILA, alleging that Ocwen failed to timely credit payments, but

Count III fails to identify a specific provision of TILA that

Nationstar violated.  Richardson's counterclaims against

Nationstar in the Superior Court also included claims for

violation of TILA, alleging that Ocwen failed to timely credit

payments, but alsofailed to identify a specific provision of TILA

that Nationstar violated.  As in the Superior Court, the TILA

allegations here fail to state a claim upon which relief can be

granted against Nationstar.

### D.  Count IV

Count IV asserts that the *Note* and *Deed of Trust* are void

"as in violations [sic] of federal and DC law as stated aforesaid

and therefore unenforceable."  The Superior Court, however, has

already ruled, in a final appealable judgment for foreclosure,

that the *Note* and *Deed of Trust* are enforceable.  Count IV is

thus barred by collateral estoppel .

### E.  Abstention as to Some Claims

Under 28 U.S.C. § 1334(c)(1), nothing in 28 U.S.C. § 1334,

governing a district court's subject matter jurisdiction,

exercised by a bankruptcy court by way of referral under 28

U.S.C. § 157, prevents the court "in the interest of justice, and

the interest of comity with State courts or respect for State

law, from abstaining from hearing a particular proceeding arising

under title 11 or arising in or related to a case under title

11."[7]   Although Nationstar has not specifically moved for
abstention based on this provision, its invocation of collateral
estoppel signifies that it views the claims here (other than the
accounting issue) as claims already adjudicated in the Superior
Court (though pursuant to an order not yet made a final
appealable order) and Nationstar therefore has implicitly
requested discretionary abstention under 28 U.S.C. § 1334(c)(1).
The issue of abstention was also addressed at the hearing on the
motion to dismiss.

Discretionary abstention appears to be warranted as to
Counts I, II, and III except for the part of Count II that is
being treated as an objection to claim.  The Superior Court has
already adjudicated the claims contained therein, and can
promptly enter a final appealable order as to those claims.  It

---

[7]   Indeed, under 28 U.S.C. § 1334(b)(2):

Upon timely motion of a party in a proceeding based upon
a State law claim or State law cause of action, related
to a case under title 11 but not arising under title 11
or arising in a case under title 11, with respect to
which an action could not have been commenced in a court
of the United States absent jurisdiction under this
section, the district court shall abstain from hearing
such proceeding if an action is commenced, and can be
timely adjudicated, in a State forum of appropriate
jurisdiction.

It is unnecessary to address whether Richardson's claims could be
pursued in the District Court only as "related to" claims under
§ 1334, but if that is the case, mandatory abstention would appear
to be required.

does not make sense for the claims to be re-litigated here.
Nevertheless, I will give Richardson an opportunity to address in
this adversary proceeding whether abstention should be granted,
and will allow her to respond to this order in that regard by
June 11, 2018.

### F.   Non-Abstention as to Objection to Claim

The question of unjustified late payment charges made by
Ocwen remains an issue in the Superior Court for two reasons.
First, the remaining claim in the third-party complaint against
Ocwen is for violations of D.C. Code §§ 26-1114(d)(1), (2), (7),
and (14), provisions of the Mortgage Lenders and Brokers Act,
based on the allegedly unfair trade practice of Ocwen's not
timely crediting payments.  Second, the Superior Court has not
adjudicated Nationstar's request that the Superior Court
enumerate all amounts due to Nationstar pursuant to the *Note* and
*Deed of Trust*.  Because the issue of untimely crediting of
payments remains an issue in the Superior Court, and includes
Ocwen as a party when Ocwen has not been made a party here, it
makes sense to allow the Superior Court to hear that issue.

Nevertheless, this court can hear the issue as well, and
fixing the amount of any arrears owed by Richardson (incident to
the objection to claim discussed in Part B, above) will be
important for purposes of determining whether a Chapter 13 plan
can be confirmed in this bankruptcy case.  Accordingly, I will

not abstain at this juncture from hearing the objection to

Nationstar's claim discussed in Part B, above.

III

In light of the foregoing, it is

ORDERED that Count IV of the complaint is dismissed as

barred by collateral estoppel.  It is further

ORDERED that:

(1) the following allegations of the complaint are

treated as an objection to claim: the opening section of the

complaint (entitled "PARTIES"), and paragraphs 41, 42, 43,

44, 53, 54, 55, and 57 of the complaint; and

(2) within 14 days after entry of this order,

Nationstar shall file an answer to those allegations.

It is further

ORDERED that with respect to the remaining claims in the

complaint:

(1) by June 11, 2018, the debtor, Karen Susan

Richardson, shall file a writing showing cause, if any she

has, why the court ought not abstain from hearing those

claims; and

(2) pending disposition of the issue of whether the

court ought to abstain from hearing those claims, Nationstar

need not file an answer to those claims.

[Signed and dated above.]

Copies to: All counsel of record; Chapter 13 Trustee.