The document below is hereby signed.

Signed: September 11, 2018



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| KAREN SUSAN RICHARDSON, | ) | Case No. 17-00598 |
| | ) | (Chapter 13) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| KAREN SUSAN RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 18-10004 |
| NATIONSTAR MORTGAGE D/B/A | ) | |
| MR. COOPER, | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |
| Defendant. | ) | |

FURTHER MEMORANDUM DECISION AND ORDER RE
<u>DISMISSAL OF OR ABSTENTION REGARDING CERTAIN CLAIMS</u>

On May 25, 2018, the court entered an order (Dkt. No. 24) requiring the plaintiff/debtor, Karen Richardson, to show cause why the court ought not abstain from hearing certain claims in the complaint.  Richardson filed a response (Dkt. No. 29) and a supplemental response (Dkt. No. 30) in response to the court's order.  Richardson did not address the part of Count II that is not being treated as an objection to Nationstar's claim, and did

not address Count III. Accordingly, the court will treat Richardson's non-response as a concession that the court ought to abstain from hearing Count II, to the extent it is not treated as an objection to Nationstar's claim, and Count III. Richardson contended that Count I, on the other hand, was first brought forth in this court and abstention was not proper. Richardson also contended that Nationstar Mortgage d/b/a Mr. Cooper ("Nationstar") would be liable for violations of the *Consent Judgment* entered on February 26, 2014, in *Consumer Fin. Prot. Bureau v. Ocwen Financial Corp.*, Case No. 1:13-cv-02025. For the reasons set forth below, Count I will be dismissed.

I

Nationstar holds a *Note* executed by Richardson and assigned to Nationstar by Ocwen Loan Servicing ("Ocwen") on December 18, 2013, the payment of which is secured by a *Deed of Trust* against Richardson's real property.[1] The loan was assigned to Ocwen in August 2009 after Taylor Bean & Whitaker Mortgage, the previous loan servicer, entered into bankruptcy. Ocwen allegedly did not timely apply Richardson's payments to her account and charged unauthorized late fees and other costs against Richardson's account. Richardson pointed to a specific payment that she made

---

[1] The terms of the *Note* were modified by a *Loan Modification Agreement* between Richardson and Ocwen. In referring to obligations under the *Note*, I mean the obligations under the *Note* as modified by the *Loan Modification Agreement*.

on December 22, 2009, which was not credited until March 25, 2010. Additionally, Ocwen initiated foreclosure procedures against Richardson twice on November 9, 2009, and on January 15, 2010.

The Consumer Financial Protection Bureau and several states brought an action against Ocwen in the U.S. District Court for the District of Columbia on December 19, 2013, alleging that Ocwen's practices in relation with its loan servicing services were in violation of the Consumer Protection Act of 2010 (12 U.S.C. §§ 5531 and 5536(a)) and the several states' unfair and deceptive practices laws for, among other things: failing to timely and accurately apply payments to client's account statements; charging unauthorized fees for default; and providing false or misleading information to borrowers regarding transferred accounts. The parties in that suit entered into a *Consent Judgment* that the court signed and entered on February 26, 2014.

On September 21, 2015, Nationstar filed a complaint for judicial foreclosure in the Superior Court against Richardson. Richardson filed an answer and counter claim and third party complaint against Nationstar and Ocwen alleging violations of various statutes (the Truth in Lending Act; the D.C. Consumer Protection Procedures Act; D.C. Code § 42-2431 (part of the D.C. Home Equity Protection Act); and 12 U.S.C. § 2605(d)), and

alleging that the *Deed of Trust* and *Note* are void. On March 7, 2017, the Superior Court dismissed the counterclaims. Richardson appealed from the dismissal order to the District of Columbia Court of Appeals, which, in Case No. 17-CV-1078, dismissed the appeal on November 17, 2017, as having been taken from a non-final and non-appealable order.

In the Superior Court in the meantime, Nationstar moved for summary judgment regarding its right to judicial foreclosure, and Richardson moved for leave to assert an amended third-party complaint against Ocwen. By an order entered on September 13, 2017, the Superior Court granted Nationstar's motion for summary judgment regarding its right to judicial foreclosure; granted Richardson leave to file the amended third-party complaint against Ocwen, but dismissed all but one of the claims in Richardson's amended third-party complaint. On October 10, 2017, Richardson filed a notice of appeal from the Superior Court's order of September 13, 2017, and the appeal was docketed as Case No. 17-CV-1165 in the District of Columbia Court of Appeals.

Richardson initiated her bankruptcy, Case No. 17-00598, by filing a voluntary petition in chapter 13 on October 25, 2017, to stop the foreclosure. She then filed this adversary proceeding on February 19, 2018. Richardson asserted claims that Nationstar violated the *Consent Judgment* by foreclosing on her property based on an accounting of the loan including Ocwen's unauthorized

charges; violating the Mortgage Lender Broker Act and the Truth in Lending Act; and alleging that the *Deed of Trust* and *Note* are void. Nationstar filed a motion to dismiss (Dkt. No. 18) alleging that the claims were precluded under collateral estoppel and ought to be dismissed under Fed. R. Civ. P. 12(b)(6), made applicable by Fed. R. Bankr. P. 7012, for failure to state claims upon which relief can be granted.[2]

The court agreed that Count IV was precluded by collateral estoppel because the Superior Court's order as to that count was a final and appealable order. However, the orders resolving the remaining counts in the Superior Court were not final and appealable orders. The court also agreed that, except for the portion of Count II treated as an objection to claim, the claims ought to be dismissed for failure to assert claims for which relief could be granted under Fed. R. Civ. P. 12(b)(6). However, the court also found that, instead, abstention (instead of dismissal of such claims) may be warranted. Accordingly, the court ordered Richardson to respond by June 11, 2018, regarding whether abstention was appropriate.

Richardson filed a response and supplemental response wherein she asserted that abstention is improper as to Count I because Count I was not presented before the Superior Court, and

---

[2] Nationstar also contended that the claims should be dismissed for failure to join Ocwen as a necessary party, but the court rejected this argument.

5

Count I involved diversity jurisdiction and arises in federal law.  Richardson also argued that Nationstar is bound by the *Consent Judgment* because it sits in Ocwen's "shoes" as the assignee of Ocwen.  She additionally asserted that Count I should be referred to the District Court for adjudication if the court found that Count I was not a core proceeding.

II

Count I of the complaint asserts that Nationstar is liable for having violated the *Consent Judgment* entered on February 26, 2014, in *Consumer Fin. Prot. Bureau v. Ocwen Financial Corp.*, Case No. 1:13-cv-02025, and seeks compensatory and punitive damages provided for under the *Consent Judgment*.  Richardson argues that abstention is inappropriate as to this claim because it was not asserted in the Superior Court complaint, and that the claim arises under Federal law.  For the following reasons, those arguments are not particularly persuasive.

A plaintiff (or counter-claimant) ought to assert all claims arising out of the same transaction within the same proceeding.  *See* Superior Court R. Civ. P. 13.  That means that Richardson ought to assert in the Superior Court, with the claims she has already asserted in the Superior Court, this additional claim.  Moreover, even if the claim arises under Federal law, that is not a bar to discretionary abstention under 28 U.S.C. § 1334(c)(1).  In any event, the claim is so frivolous that it cannot be deemed

to be a claim arising under Federal law: the *Consent Judgment* was entered *after* the note at issue had been assigned to Nationstar, and the *Consent Judgment* imposed obligations only on Ocwen, not Nationstar, with respect to past misconduct, and did not adjudicate whether the late fees at issue in this adversary proceeding resulted from improper accounting practices by Ocwen.

However, because Count I is so plainly frivolous, I will dismiss Count I as failing to state a claim upon which relief can be granted instead of abstaining as to Count I.  This dismissal will not be a final order, appealable of right, because part of Count II still needs to be adjudicated by this court, and thus under Fed. R. Civ. P. 54(c), the dismissal will not be deemed a final judgment.

If Count I had any validity, the amounts recovered pursuant to Count I would be a setoff against Richardson's liability to Nationstar, and, accordingly, the adjudication of Count I is part of the adjudication of Richardson's objection to Nationstar's proof of claim.  That makes it a core proceeding.  In any event, the dismissal of Count I is based solely on a question of law which will be reviewable de novo by way of appeal, the same standard of review that would apply if the court treated Count I as a non-core proceeding and issued a proposed ruling under Fed. R. Bankr. P. 9033 for de novo review by the District Court.  Any error in classifying Count I as a core proceeding would be of no

consequence. See *Exec. Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2175, 189 L. Ed. 2d 83 (2014) (stating that "even if EBIA is correct that the Bankruptcy Court's entry of judgment was invalid, the District Court's de novo review and entry of its own valid final judgment cured any error. *Cf. Carter v. Kubler*, 320 U.S. 243, 248, 64 S. Ct. 1, 88 L. Ed. 26 (1943) (bankruptcy commissioner's error was cured after the District Court 'made an independent and complete review of the conflicting evidence').").

I will elaborate further on why Count I fails to state a claim upon which relief can be granted in the following section.

### III

Nationstar is not bound by the *Consent Judgment* because "[a] court's judgment binds only the parties to a suit, subject to a handful of discrete and limited exceptions." *Smith v. Bayer Corp.*, 564 U.S. 299, 312, 131 S. Ct. 2956, 180 L. Ed. 2d 879 (2011). The Supreme Court has listed six categories where a nonparty is bound by a judgment, including: (1) a person agreeing to be bound by the terms of the agreement; (2) preexisting substantive legal relationships; (3) in limited circumstances where the nonparty is adequately represented by a party to the suit; (4) where the nonparty assumed control over the litigation; (5) proxies; and (6) statutory schemes that are consistent with due process. *Taylor v. Sturgell*, 553 U.S. 880, 893–895, 128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008). Nationstar would arguably

fall under only the second exception, a preexisting substantive legal relationship, which includes assignee and assignor. *Id.* at 894. However, the assignment took place before the suit was filed and over five months before the Consent Order was approved and entered by the District Court. An assignee is not bound by the judgments against an assignor after the assignor has transferred its rights and authority to discharge the obligation. *Montana Bank of Circle, N.A. v. United States*, 7 Cl. Ct. 601, 614 (1985); *see also Johnson & Johnson v. Coopervision, Inc.*, 720 F. Supp. 1116, 1124 (D. Del. 1989) ("In general an assignee is regarded as in privity with its assignor for preclusion purposes only if the assignment occurred *after* the initial lawsuit was brought."). Accordingly, Nationstar is not bound by any judgments made against Ocwen in relation to Richardson's loan.

Additionally, an assignment does not make the assignee liable for the misconduct of the assignor. *Riviera Fin. of Texas, Inc. v. Capgemini US, LLC*, 511 Fed. Appx. 92, 95 (2d Cir. 2013) (court held that a party could not hold assignee liable for assignor's breach but could use the breach as a defense against assignee for the party's subsequent nonperformance); *Duffey v. Nationstar Mortgage*, No. 14-11859, 2014 WL 11309775, at * 5 (E.D. Mich. July 11, 2014) (court could not rescind foreclosure where doing so "would hold assignee liable for the assignor's alleged wrongdoing"); *Mundaca Inv. Daddona*, No. CV950144551S, 1996 WL

24574, at *5 (Conn. Super. Ct. Jan. 4, 1996) (holding an assignee is not liable for alleged misconduct of assignor by merely taking an assignment); *Patton v. McHone*, 822 S.W.2d 608, 618 (Tenn. Ct. App. 1991) (holding a debtor can assert defenses against assignee that he has against assignor, but cannot hold assignee liable for the assignor's wrong doing). *Drakopoulos v. U.S. Bankr Nat. Ass'n*, 991 N.E.2d 1086, 1095 n. 16 (Mass. 2013) most clearly explains the effect and liabilities of an assignment where the court noted:

> It is well established that an assignee "stands in no better position than the assignor, and any defence [sic] which the defendant could raise against the latter may also be raised against the former." *Quincy Trust Co. v. Pembroke*, 346 Mass. 730, 732, 195 N.E.2d 899 (1964). Where an assignee played no part in the unfair or deceptive acts of an assignor, principles of assignee liability ordinarily will not render the assignee liable for affirmative damages for those acts. *See Ford Motor Credit Co. v. Morgan*, 404 Mass. 537, 545, 536 N.E.2d 587 (1989) ("The common law principle that the assignee stands in the assignor's shoes means only that the debtor can raise the same defenses against the assignee as he could have raised against the assignor. . . . It has never been interpreted to mean that the assignee will be liable for all the assignor's wrongs").

Richardson contends that Nationstar is bound by the *Consent Judgment* as Ocwen's assignee, citing case law showing that an assignee stands in the same place as the assignor. However, the cases the debtor cites only support the proposition that Richardson can assert the same defenses against Nationstar that she would have against Ocwen, but not that Nationstar is liable for Ocwen's alleged wrongful conduct.

10

Moreover, the *Consent Judgment* makes clear that it is binding on Ocwen and Ocwen's "successors and assignees in the event of a sale of all or substantially all of the assets of [Ocwen] or [Ocwen]'s division(s) or major business unit(s) that are engaged as a primary business in customer-facing servicing of residential mortgages on owner-occupied properties."  Consent Order, Exhibit A, § IX.B.2.  Nationstar is not a successor or assignee "in the event of a sale of all or substantially all of the assets."

Additionally, the *Consent Judgement* does not adjudicate whether Ocwen committed any wrongful acts, let alone any wrongful acts against Richardson.  The *Consent Judgment* specifically states "Defendant, by entering this Consent Judgment, does not admit the allegations of the Complaint other than those facts deemed necessary to the jurisdiction of this court" and further says "without trial or adjudication of issue of fact or law, without this Consent Judgment constituting evidence against Defendant, and upon consent of Defendant, the Court finds that there is good and sufficient cause to enter this Consent Judgment."  Accordingly, there is no holding that Nationstar is collecting on unauthorized funds.  Richardson's argument that the *Consent Judgment* holds that the fees as to which she objects are "unauthorized charges" is simply inaccurate.  Moreover, even if the Consent Judgment could be read as holding that Ocwen charged

11

unauthorized funds, it does not hold that Ocwen charged unauthorized funds against Richardson specifically. There is simply no holding that the charges Richardson objects to were improperly or illegally charged against her.

Moreover, even if Nationstar were bound by the *Consent Judgment*, which it is not, it is doubtful that Richardson could enforce the *Consent Judgment* against Nationstar. Exhibit D in the *Consent Judgment* specifically provides: "An enforcement action under this *Consent Judgment* may be brought by any Party to this *Consent Judgment* or the Monitoring Committee." *Consent Judgment*, Exhibit D, § I.3. This provision makes clear that only parties to the *Consent Judgment* or the Monitoring Committee can enforce the *Consent Judgment* and sue on any violations. It also notes: "Nothing in this Section shall limit the availability of remedial compensation to harmed borrowers as provided in Section E.5." *Id.* Therefore, Richardson's remedies for violations under the *Consent Judgment* are found in Section E.5 of Exhibit D. That section provides:

> In addition to the Servicer's obligation to cure a Potential Violation through the Corrective Action Plan, Servicer must remediate any material harm to particular borrowers identified through work conducted under the Work Plan. In the event that a Servicer has a Potential Violation that so far exceeds the Threshold Error Rate for a metric that the Monitor concludes that the error is widespread, Servicer shall, under the supervision of the Monitor, identify other borrowers who may have been harmed by such noncompliance and remediate all such harms to the extent that the harm has not been otherwise

12

remediated.

Accordingly, Richardson's only remedy under the *Consent Judgment* is remediation after Richardson is identified as a borrower materially harmed by the violation of the *Consent Judgment*. Thus, even if Nationstar was bound by the *Consent Judgment*, Richardson would not be able to bring a suit to enforce the *Consent Judgment*.

IV

The Superior Court did not enter an order granting Nationstar's request for an enumeration of the amounts owed by Richardson, and any accounting issues will be addressed as part of the objection here to Nationstar's proof of claim.[3] In contrast, the Superior Court has already decided to dismiss Richardson's claims as to which this court is abstaining. However, other claims were still being pursued against another

---

[3] In that regard, I hereby correct the first sentence of the last paragraph on page 4 of the *Memorandum Decision and Order re Dismissal or Abstention Regarding Certain Claims* (Dkt. No. 24 entered on May 25, 2018) to read:

> Nationstar's complaint in the Superior Court requested that the Superior Court "enumerate all amounts due to Plaintiff pursuant to said Note and Deed of Trust," but the Superior Court did not enter an order in regard to that request.

As I explained, that was because the Superior Court "was able to decree that judicial foreclosure sale was appropriate without resolving an accounting issue Richardson raised as a defense . . . ." *Id.* Richardson has not sought relief from the automatic stay of 11 U.S.C. § 362(a) in order to prosecute her pending appeal of that decree.

13

party, Ocwen, and the Superior Court did not take steps under Superior Court Rule of Civil Procedure 54(b) to make the dismissal of those claims a final appealable order. Richardson may want to prosecute an appeal of the dismissal of those claims. It makes sense to modify the automatic stay of 11 U.S.C. § 362(a) to permit the Superior Court, if it deems it appropriate, to enter an order under Superior Court Rule of Civil Procedure 54(b) to make the adjudication of those claims final appealable orders, and to permit Richardson to pursue any appeal once the dismissal of those claims becomes a final appealable order.

V

For the aforesaid reasons, it is

ORDERED that Count I is dismissed.  It is further

ORDERED that the court abstains from hearing Count II, to the extent that Count II is not being treated as an objection to claim, and Count III.  It is further

ORDERED that the automatic stay of 11 U.S.C. § 362(a) is modified:

>  (1) to permit the Superior Court to enter any order under Superior Court Rule of Civil Procedure 54(b) to make the Superior Court's dismissal of the claims as to which this court is abstaining (claims already decided by the Superior Court) final appealable orders; and

>  (2) to permit the debtor, Karen Susan Richardson, to

14

pursue an appeal of the dismissal of those claims once the dismissal of those claims becomes a final appealable order.

[Signed and dated above.]

Copies to: All counsel of record; Chapter 13 Trustee.