The document below is hereby signed.

Signed: September 20, 2018



*S. Martin Teel Jr.*

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| KAREN SUSAN RICHARDSON, | ) | Case No. 17-00598 |
| | ) | (Chapter 13) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| KAREN SUSAN RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 18-10004 |
| NATIONSTAR MORTGAGE D/B/A | ) | |
| MR. COOPER, | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |
| Defendant. | ) | |

MEMORANDUM DECISION AND ORDER RE
<u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>

The defendant, Nationstar Mortgage, has moved for summary judgment as to the parts of the complaint that by prior decisions the court is treating as an objection to Nationstar's proof of claim. The motion will be granted, but I will grant the plaintiff, Karen Susan Richardson, leave to amend her complaint, and to supplement her opposition to Nationstar's motion for summary judgment.

The reader is assumed to be familiar with the court's earlier written decisions, and I use the names and terms used therein. Ocwen assigned the *Note* at issue to Nationstar on December 18, 2013. The proof of claim was executed and filed in accordance with the Federal Rules of Bankruptcy Procedure. Thus, under Fed. R. Bankr. P. 3001(f), the proof of claim constitutes prima facie evidence of the validity and amount of the claim.

Richardson thus must show some error in the proof of claim. Richardson relies on a *Consent Judgment* in *Consumer Fin. Prot. Bureau v. Ocwen Financial Corp.*, Case No. 1:13-cv-02025 in the District Court, to speculate that Ocwen may have engaged in improper accounting of the debtor's payments. However, that *Consent Judgment* was entered *after* the *Note* was assigned to Nationstar and is not binding on Nationstar. In any event, the *Consent Judgment* does not establish the existence of some accounting error on Ocwen's part with respect to the *Note* involved in this case. As should have been evident from the court's *Memorandum Decision and Order re Dismissal of or Abstention Regarding Certain Claims* (Dkt. No. 24 entered on May 25, 2018), and has been reinforced by the *Further Memorandum Decision and Order re Dismissal of or Abstention Regarding Certain Claims* (Dkt. No. 39 entered on September 12, 2018) Richardson needs to cease relying on the *Consent Judgment*: it proves nothing pertinent to Nationstar's proof of claim.

Speculation that Ocwen must have engaged in misconduct as to Richardson because the *Consent Judgment* implied a history of misconduct towards borrowers does not do the job.

The objection to claim alleges that Richardson made payments to Ocwen that were not timely credited to her account. (Compl. ¶ 53.) It specifically alleges that on December 22, 2009, Richardson mailed a mortgage payment to Ocwen that was not credited until March 25, 2010. (Compl. ¶ 54.) It then alleges that other payments were mailed to Ocwen that were not timely credited to Richardson's account (Compl. ¶ 55), but fails to identify any such payments. Richardson's affidavit (Dkt. No. 35, Ex. 5) ("Affidavit") repeats those contentions at paragraphs 10-12. However, Richardson's affidavit then recites "March 3, 2010, a Loan Modification Agreement between Ocwen Loan Servicing LLC and I was reached with a principal balance of $217,618.75 to which mortgage payments were made by me." Affidavit at ¶ 14. A modified loan necessarily replaced the existing loan agreement. A copy of the Loan Modification Agreement, signed by Richardson and dated March 3, 2010, is attached to Nationstar's proof of claim. It recites at paragraph 1: "You agree that the new principal balance due under your modified Note and the Mortgage will be $217,618.75. Upon modification, your Note will become contractually current; however fees and charges that were not

included in this principal balance will be your responsibility."[1]

According to Nationstar's proof of claim, as of the start of December 1, 2011, Richardson was not in default under the *Note* but became in default by reason of not making the $2,039.00 payment due on that date. The objection to claim fails to identify any acts occurring after March 3, 2010, and before December 1, 2011, that could affect the validity of the proof of claim.

Richardson asserts that on March 28, 2013, she attempted to send Ocwen a $1,905.00 mortgage payment, but Ocwen "stated the amount was insufficient to cure the default." Affidavit, ¶ 16. The proof of claim shows that Richardson's past due balance for principal, interest, and escrow as of March 28, 2013, was $12,866.40, and thus a $1,905.00 payment was insufficient to bring the account current. She has not identified any entry on the Loan Payment History attached to the proof of claim that she asserts is in error.

Richardson asserts that Nationstar did not receive the Note from Ocwen in good faith and thus cannot be a holder in due course. However, she does not dispute that the Note was assigned

---

[1] The reference to "fees and charges that were not included in this principal balance" appears to be explained by paragraph 6(c) of the Loan Modification Agreement, which stated: "Any expenses incurred in connection with the servicing of your loan, but not yet charged to your account as of the date of this Agreement, may be charged to your account after the date of this Agreement."

4

to Nationstar, and has not challenged the recitation in the proof of claim that Nationstar "directly or through an agent, has possession of the promissory note."  She has failed to adduce any facts showing that Nationstar is not a holder of the Note.  As a holder of the Note, Nationstar has rights in the Note regardless of whether it is a holder in due course.  D.C. Code § 28:3-301.  If it is a holder in due course, that would preclude assertion of many defenses to the Note obligation that existed at the time it became a holder.  D.C. Code § 28:3-305(b).  The point, however, is that, as discussed above, Richardson has not presented evidence showing that she had a defense to the Note as of December 17, 2013, the date Nationstar became a holder.  Because she has not shown that there was such a defense, it does not matter whether Nationstar is a holder in due course or only a holder.

   Richardson has focused on the *Consent Judgment* against Ocwen as though the findings recited in the *Consent Judgment* necessarily demonstrate that there must have been accounting errors as to her mortgage account.  She appears not to have appreciated that if she believes that Ocwen committed some accounting error as to *her* account (which has led to the Nationstar's proof of claim being inaccurate), she must specifically identify the accounting error that Ocwen committed and how that affects the accuracy of Nationstar's proof of claim.

I will give Richardson until October 9, 2018, to file an amended complaint, limited to objecting to Nationstar's proof of claim, that points to specific facts demonstrating that the proof of claim is in error, together with a supplemental opposition to Nationstar's motion for summary judgment, with that supplemental opposition supported by an affidavit or other admissible evidence identifying a specific error or errors in Nationstar's proof of claim.[2]  If she relies on an accounting error Ocwen committed as to *her* account, she must present evidence specifically identifying the accounting error that Ocwen committed and how that affects the accuracy of Nationstar's proof of claim.

IV

For the aforesaid reasons, it is

ORDERED that the court will grant Nationstar's motion for summary judgment unless the debtor, by October 9, 2018, (1) files an amended complaint limited to objecting to Nationstar's proof of claim, that points to specific facts demonstrating that the proof of claim is in error, and (2) files a supplemental opposition to Nationstar's motion for summary judgment, with that supplemental opposition supported by an affidavit or other admissible evidence identifying a specific error or errors in

---

[2] Nationstar may still rely on the prima facie validity of its proof of claim and is entitled to summary judgment unless the debtor can provide evidence showing that there is an error in Nationstar's proof of claim.

Nationstar's proof of claim, and if she relies on an accounting error Ocwen committed as to *her* account, she must present evidence specifically identifying the accounting error that Ocwen committed[3] and how that affects the accuracy of Nationstar's proof of claim.  It is further

ORDERED that the hearing set for October 9, 2018, is canceled in light of the court's tentatively granting Nationstar's motion for summary judgment.  It is further

ORDERED that if by October 9, 2018, Richardson files an amended complaint, a further scheduling conference as well as a hearing to address any supplemental opposition to the motion for summary judgment Richardson files will be held on October 16, 2018, at 10:00 a.m.

[Signed and dated above.]

Copies to: All counsel of record; Chapter 13 Trustee.

---

[3] The court again emphasizes that Richardson should not rely on the *Consent Judgment* as evidence that Ocwen committed an accounting error that affects the accuracy of Nationstar's proof of claim.